## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>MOTORCYCLE TIRES & ACCESSORIES LLC,[1]<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-12706 (KBO) |
| In re<br><br>MONCY HOLDING COMPANY, INC.,[2]<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-12707 (KBO) |
| In re<br><br>MONCY FINANCIAL SERVICES COMPANY, INC.,[3]<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-12709 (KBO) |
| In re<br><br>MONCY LLC,[4]<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-12710 (KBO) |

---

[1]     The last four digits of Motorcycle Tires & Accessories LLC's federal tax identification number are 8629.

[2]     The last four digits of Moncy Holding Company, Inc.'s federal tax identification number are 6755.

[3]     The last four digits of Moncy Financial Services Company, Inc.'s federal tax identification number are 7515.

[4]     The last four digits of Moncy LLC's federal tax identification number are 3654.

In re

NICHOLS MOTORCYCLE SUPPLY, INC.,[5]

    Debtor in a Foreign Proceeding.

Chapter 15

Case No. 19-12708 (KBO)

**FOREIGN REPRESENTATIVE'S MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b) FOR ORDER DIRECTING JOINT ADMINISTRATION OF CASES UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

KPMG, Inc. ("KPMG" or the "Foreign Representative"), in its capacity as the court-appointed monitor and authorized foreign representative for the above-captioned debtors (collectively, the ("Debtors"), in the Canadian proceeding (the "Canadian Proceeding") commenced under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA"), pending before the Superior Court in Commercial Division in the in the District of Montreal (the "Canadian Court"), hereby moves (this "Motion") this Court for entry of an order, pursuant to sections 105(a), 363, 1501, 1507, 1520 and 1521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing and directing the joint administration of the Debtors' related chapter 15 cases for procedural purposes only.  In support of this Motion, the Debtors rely upon the *Declaration of Maxime Codère in Support of Foreign Representative's (I) Verified Petitions Under Chapter 15, (II) Motion for Joint Administration, (III) Motion for Provisional and Final Relief in Recognition of A Foreign Main Proceeding, (IV) Motion to Establish Certain*

---

[5]    The last four digits of Nichols Motorcycle Supply, Inc.'s federal tax identification number are 4371.

*Notice Procedures in Connection with Filing of Verified Petitions Under Chapter 15 and (V)*

*Motion to Assume Agency Agreement* (the "Codère Declaration")[6] filed contemporaneously

herewith and incorporated herein by reference.  In further support of the relief requested herein,

the Foreign Representative respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410.

4.      The statutory predicates for the relief requested herein are section 105(a) of the

Bankruptcy Code, along with Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## BACKGROUND

5.      On the date of the filing of this Motion (the "Petition Date"), the Foreign

Representative commenced the Debtors' chapter 15 cases (collectively, the "Chapter 15 Cases")

by filing petitions (the "Chapter 15 Petitions") for the Debtors pursuant to sections 1504 and

1515 of the Bankruptcy Code.

6.      The Canadian Proceeding was commenced under the CCAA, pursuant to which

the Canadian Court entered an order appointing KPMG as monitor and authorizing it to act as

foreign representative of the Debtors on December 2, 2019 (as amended and restated on

December 12, 2019, the "CCAA Order").

7.      Contemporaneously with the filing of this Motion, the Foreign Representative

filed a motion, requesting (i) entry of a provisional order (the "Provisional Relief Order"), on an

---

[6]     Terms not otherwise defined have the meaning ascribed to them in the Codère Declaration.

3

interim basis, (a) enforcing the CCAA Order and (b) staying any collection activity by creditors against the Debtors' assets in the United States; (ii) entry of a final order (the "<u>Recognition Order</u>") after notice and a hearing, granting recognition of the Canadian Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code and enforcing the CCAA Order on a permanent basis in the United States and (iii) such other and further relief as this Court deems just and proper.

8.      Additional information about the Debtors' business, the events leading up to the Petition Date, and the facts and circumstances surrounding the Debtors, the Canadian Proceeding and the Chapter 15 Cases can be found in the Codère Declaration.

## <u>RELIEF REQUESTED</u>

9.      By this Motion, the Foreign Representative respectfully requests entry of an order authorizing and directing the joint administration of the Chapter 15 Cases for procedural purposes only.

10.     The Foreign Representative also requests that the caption of the Chapter 15 Cases be modified to reflect the joint administration of such cases, substantially as follows (including the accompanying footnote as follows):

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>MOTORCYCLE TIRES & ACCESSORIES LLC, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding | )  Chapter 15<br>)<br>)  Case No. 19-12706 (KBO)<br>)  Jointly Administered<br>)<br>)<br>) |

---

[1]     The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Motorcycle Tires & Accessories LLC (8629); Moncy Holding Company, Inc. (6755); Moncy Financial Services Company, Inc. (7515); Moncy LLC (3654); and Nichols Motorcycle Supply, Inc. (4371). The Debtors' mailing address is 1550 Melissa Court, Corona, CA 92879.

No party shall be required to list any further information beyond the information set forth above in any pleadings filed in these Chapter 15 Cases.

11.     In addition, the Foreign Representative requests the Court to authorize and direct that the following notation be entered on the docket for each of the Debtors' Chapter 15 Cases, except in the case of Motorcycle Tires & Accessories LLC, to reflect the joint administration of these Chapter 15 Cases:

> An order has been entered in this case directing the joint administration of the chapter 15 cases of Motorcycle Tires & Accessories LLC, Case No. 19-12706; Moncy Holding Company, Inc. Case No. 19-12707; Moncy Financial Services Company, Inc., Case No. 19-12709; Moncy LLC Case No. 19-12710; Nichols Motorcycle Supply, Inc. Case No. 19-12708.  The docket in Case No. 19-12706 should be consulted for all matters affecting this case.

12.     Further, the Foreign Representative requests the Court to authorize the Debtors to utilize a combined service list for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates and other parties-in-interest as applicable.

## BASIS FOR RELIEF REQUESTED

13.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. *See* Fed. R. Bankr. P. 1015(b).

14.     Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and a declaration or verification establishing that joint administration is warranted.

15.     The Codère Declaration establishes that joint administration of the Chapter 15 Cases:  (i) is warranted because the Debtors' financial affairs and business operations are closely related, (ii) will ease the administrative burden of such cases on the Court and the various interested parties, and (iii) will protect creditors of different Debtors against potential conflicts of interest.

16.     The Foreign Representative anticipates that the various notices, motions, hearings, orders and other pleadings in the Chapter 15 Cases will affect all of the Debtors.  With five (5) affiliated Debtors, each with its own chapter 15 case docket, the failure to jointly administer the Chapter 15 Cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists.  Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily burden the Clerk of this Court (the "Clerk").

17.     Joint administration will permit the Clerk to use a single docket for each of the Debtors' Chapter 15 Cases and to combine notices to creditors and other parties-in-interest of the respective Debtors.  Joint administration also will protect parties-in-interest in these Chapter 15 Cases by ensuring that the Foreign Representative will be apprised of the various matters

2

before the Court in all of the cases. The Foreign Representative submits that use of the simplified caption, in the form set forth above, by all parties-in-interest will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification.

18.     The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of the Chapter 15 Cases inasmuch as the relief sought herein is purely procedural and not intended to affect substantive rights. Each creditor and party-in-interest will maintain whatever rights it has against the particular Debtors in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court and the Clerk also will be relieved of the burden of entering duplicative orders and keeping duplicative files, and supervision of the administrative aspects of these cases by the Office of the United States Trustee will be simplified.

19.     Joint administration is generally non-controversial, and courts in this district routinely order joint administration in multiple related cases. *See, e.g.*, *Enduro Resource Partners LLC*, No. 18-11174 (KG) (Bankr. D. Del. May 15, 2018); *In re General Wireless Operations Inc. DBA Radioshack*, No. 17-10506 (BLS) (Bankr. D. Del. Mar. 10, 2017); *In re Bonanza Creek Energy, Inc.*, No. 17-10015 (KJC) (Bankr. D. Del. Jan. 5, 2017); *In re La Paloma Generating Company, LLC*, No. 16-12700 (CSS) (Bankr. D. Del. Dec. 8, 2016); *In re Delivery Agent, Inc.*, No. 16-12051 (LSS) (Bankr. D. Del. Sept. 16, 2016); *In re Golfsmith International Holdings, Inc.*, No. 16-12033 (LSS) (Bankr. D. Del. Sept. 15, 2016); *In re Essar Steel Minnesota LLC and ESML Holdings Inc.*, No. 16-11626 (BLS) (Bankr. D. Del. July 12, 2016); *In re Steel Forming, Inc.*, No. 16-11220 (CSS) (Bankr. D. Del. May 18, 2016); *Sports Authority Holdings, Inc.*, No. 16-10527 (MFW) (Bankr. D. Del. Mar. 2, 2016).

## NOTICE

20.      The Foreign Representative has provided notice of this Motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Delaware; (b) counsel to BMO; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Foreign Representative will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested herein, the Foreign Representative submits that no other or further notice of this Motion is necessary or required.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests the Court to enter an order, substantially in the form attached hereto, authorizing the joint administration of the Chapter 15 Cases and granting such other and further relief as this Court deems just and proper.

Dated:  December 19, 2019
       Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ R. Stephen McNeill*
Jeremy W. Ryan (DE Bar No. 4057)
R. Stephen McNeill (DE Bar No. 5210)
D. Ryan Slaugh (DE Bar No. 6325)
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192
E-mail:  jryan@potteranderson.com
        rmcneill@potteranderson.com
        rslaugh@potteranderson.com

*Counsel to KPMG, Inc., as Foreign Representative for the Debtors*

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>MOTORCYCLE TIRES & ACCESSORIES LLC,[1]<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-12706 (KBO) |
| In re<br><br>MONCY HOLDING COMPANY, INC.,[2]<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-12707 (KBO) |
| In re<br><br>MONCY FINANCIAL SERVICES COMPANY, INC.,[3]<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-12709 (KBO) |
| In re<br><br>MONCY LLC,[4]<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-12710 (KBO) |

---

[1]    The last four digits of Motorcycle Tires & Accessories LLC's federal tax identification number are 8629.

[2]    The last four digits of Moncy Holding Company, Inc.'s federal tax identification number are 6755.

[3]    The last four digits of Moncy Financial Services Company, Inc.'s federal tax identification number are 7515.

[4]    The last four digits of Moncy LLC's federal tax identification number are 3654.

In re

NICHOLS MOTORCYCLE SUPPLY, INC.,[5]

Debtor in a Foreign Proceeding.

Chapter 15

Case No. 19-12708 (KBO)

### ORDER PURSUANT TO 11 U.S.C. § 105(a), FED. R. BANKR. P. 1015(b) AND LOCAL RULE 1015-1 DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' RELATED CHAPTER 15 CASES

Upon the motion (the "Motion")[6] of KPMG, Inc. ("KPMG" or the "Foreign Representative"), in its capacity as the court-appointed monitor and authorized foreign representative for the above-captioned debtors (collectively, the ("Debtors") for entry of an order (this "Order"), pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing the joint administration of the Debtors' related chapter 15 cases (the "Chapter 15 Cases"); and upon consideration of the Codère Declaration; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion and hearing to consider the relief requested herein (the "Hearing") appearing adequate and appropriate under the circumstances; and this Court having found that no other or further notice need be provided; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors and all parties in interest; and the Court

---

[5]     The last four digits of Nichols Motorcycle Supply, Inc.'s federal tax identification number are 4371.

[6]     Capitalized terms used, but not otherwise defined, herein shall have those meanings ascribed to them in the Motion.

2

having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and no objection to the Motion having been filed or made at the Hearing on the Motion; and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Chapter 15 Cases shall be jointly administered and consolidated for procedural purposes only.

3.      The Clerk of the Court shall maintain one file and one docket for the Chapter 15 Cases, which file and docket shall be the file and docket for the chapter 15 case of Motorcycle Tires & Accessories LLC, Case No. 19-12706 (KBO).

4.      The consolidated caption of the jointly administered cases, including the accompanying footnote, shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| | )   Chapter 15 |
| In re: | ) |
| | ) |
| MOTORCYCLE TIRES & ACCESSORIES | )   Case No. 19-12706 (KBO) |
| LLC, *et al.*,[1] | )   Jointly Administered |
| | ) |
| Debtors in a Foreign Proceeding | ) |
| | ) |

---

[1]      The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Motorcycle Tires & Accessories LLC (8629); Moncy Holding Company, Inc. (6755); Moncy Financial Services Company, Inc. (7515); Moncy LLC (3654); and Nichols Motorcycle Supply, Inc. (4371). The Debtors' mailing address is 1550 Melissa Court, Corona, CA 92879.

5.      The Clerk of the Court shall make a docket entry in each of the Chapter 15 Cases other than Motorcycle Tires & Accessories LLC substantially as follows:

IMPAC 6510016v.2

> An order has been entered in this case directing the joint administration of the chapter 15 cases of Motorcycle Tires & Accessories LLC, Case No. 19-12706; Moncy Holding Company, Inc. Case No. 19-12707; Moncy Financial Services Company, Inc., Case No. 19-12709; Moncy LLC Case No. 19-12710; Nichols Motorcycle Supply, Inc. Case No. 19-12708.  The docket in Case No. 19-12706 should be consulted for all matters affecting this case.

6.     Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of the Chapter 15 Cases.

7.     The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.     This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

4