**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 15 ) |
| MOTORCYCLE TIRES & ACCESSORIES LLC, *et al.*,[1] | ) Case No. 19-12706 (KBO) ) Jointly Administered |
| Debtors in a Foreign Proceeding | ) **Re: Docket Nos. 8, 22** |

**FINAL ORDER AUTHORIZING (I) THE DEBTORS TO ASSUME THE AGENCY AGREEMENT, (II) THE CONDUCT OF THE STORE CLOSING SALES, WITH SUCH SALES TO BE FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of KPMG, Inc., ("KPMG" or the "Foreign Representative"), in its capacity as the court-appointed monitor and duly authorized foreign representative for the above-captioned debtors (collectively, the "Debtors") in the Canadian proceedings (the "Canadian Proceeding") commenced under the under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA"), pending before the Superior Court in Commercial Division in the in the District of Montreal (the "Canadian Court") and upon consideration of the Codère Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that notice of the Motion has been given as set forth in the Motion and that such

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each Debtor's federal tax identification number, are: Motorcycle Tires & Accessories LLC (8629); Moncy Holding Company, Inc. (6755); Moncy Financial Services Company, Inc. (7515); Moncy LLC (3654); and Nichols Motorcycle Supply, Inc. (4371). The Debtors' mailing address is 1550 Melissa Court, Corona, CA 92879.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

notice is adequate and no other or further notice need be given; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having entered the *Interim Order Authorizing Foreign Representative's Motion for Interim and Final Orders Authorizing (I) the Debtors to Assume the Agency Agreement, (II) the Conduct of the Store Closing Sales, with Such Sales to Be Free and Clear of All Liens, Claims and Encumbrances, and (III) Granting Related Relief* [D.I. 22] (the "Interim Order"); and upon the record of all hearings on the Motion, including the hearing on December 20, 2019, and all of the proceedings had before this Court; and this Court having found that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, CONCLUDED AND DETERMINED that:[3]**

A. The Foreign Representative's decision to (i) enter into the Agency Agreement, a copy of which was attached to the Interim Order as **Exhibit 1**, and (ii) perform under and make payments required by the Agency Agreement, is a reasonable exercise of the Foreign Representative's sound business judgment consistent with its fiduciary duties and is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.

B. The Agency Agreement was negotiated at arm's-length and the consideration to be paid to the Agent for its services in connection with the Liquidation Sales constitutes reasonably equivalent value and fair and adequate consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act and the laws of the

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

United States, any state, territory, possession thereof or the District of Columbia. The terms and conditions set forth in the Agency Agreement are fair and reasonable under these circumstances and were not entered into for the purpose of, nor do they have the effect of, hindering, delaying or defrauding the Debtors or their creditors under any applicable laws.

C. Time is of the essence in effectuating the Agency Agreement and continuing with the Liquidation Sales contemplated therein without interruption. The conduct of the Liquidation Sales will provide an efficient means for the Foreign Representative to dispose of the Assets. The Liquidation Sales under the Agency Agreement must be permitted to continue to maximize the value that the Agent may realize from the Liquidation Sales and the value that the Foreign Representative may realize from assuming the Agency Agreement.

D. The Agent is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code. No common identity of directors or controlling stockholders exists between the Agent and the Debtors nor the Foreign Representative.

E. The Liquidation Sales, in accordance with the Agency Agreement and with the assistance of the Agent, will provide an efficient means for the Foreign Representative to liquidate and dispose of the Assets as quickly and effectively as possible, and are in the best interests of the Debtors' estates.

F. The Resolution Procedures are fair and reasonable and comply with applicable law.

G. The Foreign Representative has represented that, pursuant to the Motion, it is not seeking to either sell or lease personally identifiable information during the course of the Liquidation Sales at the Facilities; *provided*, *however*, that the Agent will be authorized to distribute emails and promotional materials to the Debtors' customers consistent with the Debtors' existing policies on the use of consumer information.

H. A sale of the Assets other than one free and clear of liens, claims, encumbrances, defenses (including, without limitation, rights of setoff and recoupment) and interests, including, without limitation, security interests of whatever kind or nature, mortgages, conditional sales or title retention agreements, pledges, deeds of trust, hypothecations, liens, encumbrances, assignments, preferences, debts, easements, charges, suits, licenses, options, rights-of-recovery, judgments, orders and decrees of any court or foreign or domestic governmental entity, taxes (including foreign, state and local taxes), licenses, covenants, restrictions, indentures, instruments, leases, options, off-sets, claims for reimbursement, contribution, indemnity or exoneration, successor, product, environmental, tax, labor, ERISA, CERCLA, alter ego and other liabilities, causes of action, contract rights and claims, to the fullest extent of the law, in each case, of any kind or nature (including, without limitation, all "claims" as defined in section 101(5) of the Bankruptcy Code), known or unknown, whether pre- petition or post-petition, secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, perfected or unperfected, liquidated or unliquidated, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or non-material, statutory or non-statutory, matured or unmatured, legal or equitable (collectively, "Encumbrances") pursuant to the terms provided in the Agency Agreement and without the protections of this Final Order would hinder the Foreign Representative's ability to obtain the consideration provided for in the Agency Agreement and, thus, would impact materially and adversely the value that the Debtors' estates would be able to obtain for the sale of such Assets. But for the protections afforded to the Agent under the Bankruptcy Code and this Final Order, the Agent would not have agreed to the terms contemplated in the Agency Agreement. The Foreign Representative, the Debtors and the Agent may sell the Assets free and clear of all Encumbrances as provided for herein because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of any such Encumbrances who did not object, or who withdrew

their objections, to the entry of this Final Order are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of any such Encumbrances who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having such Encumbrances attaching to the proceeds of the sale of the applicable Assets with the same validity and priority and to the same extent and amount that any such Encumbrances had with respect to such Assets. Therefore, approval of the Agency Agreement and the consummation of the Liquidation Sales free and clear of Encumbrances is appropriate pursuant to section 363(f) of the Bankruptcy Code and is in the best interests of the Debtors' estates, their creditors and other parties in interest.

I.  No sale, transfer or other disposition of the Assets pursuant to the Agency Agreement or entry into the Agency Agreement will subject the Agent to any liability for claims, obligations or Encumbrances asserted against the Debtors or the Debtors' interests in such Assets by reason of such transfer under any laws, including, without limitation, any bulk-transfer laws or any theory of successor or transferee liability, antitrust, environmental, product line, de facto merger or substantial continuity or similar theories. The Agent is not a successor to the Foreign Representative nor the Debtors or their respective estates.

J.  The relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates, and the Foreign Representative has demonstrated good, sufficient, and sound business purposes and justifications for the relief approved herein.

K.  The entry of this Final Order is in the best interest of the Debtors, their estates and creditors, and all other parties in interest herein.

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED, as set forth herein.

2.  The Foreign Representative is authorized to take all actions necessary to implement the relief granted in this Final Order. The failure to specifically include any particular

5

provision of the Agency Agreement in this Final Order shall not diminish or impair the effectiveness of such provisions, it being the intent of this Court that the Agency Agreement and all of its provisions, payments, and transactions, be and hereby are authorized and approved as and to the extent provided for in this Final Order.

**A.     Effectiveness of Agreement**

3.     The Agency Agreement is operative and effective. The Foreign Representative is authorized to act and perform in accordance with the terms of the Agency Agreement, including, but not limited to, making payments required by the Agency Agreement to the Agent without the need for any application of the Agent or a further order of this Court.

4.     Subject to the restrictions set forth in this Final Order and the Agency Agreement, the Debtors and the Agent are authorized to take any and all actions as may be necessary or desirable to implement the Agency Agreement and the Liquidation Sales; and each of the transactions contemplated by the Agency Agreement, and any actions taken by the Foreign Representative and the Agent necessary or desirable to implement the Agency Agreement and/or the Liquidation Sales prior to the date of this Final Order are approved and ratified.

**B.     Authority to Engage in the Liquidation Sales**

5.     The Foreign Representative is authorized, pursuant to sections 105(a), 363(b)(1) and 1520(a) of the Bankruptcy Code, to immediately continue and conduct the Liquidation Sales in accordance with this Final Order, and the Agency Agreement.

6.     All entities that are presently in possession of some or all of the Assets in which the Debtors hold an interest that are or may be subject to the Agency Agreement or this Final Order hereby are directed to surrender possession of such Assets to the Foreign Representative or the Agent.

7.     Except as provided herein, neither the Foreign Representative, the Debtors nor the

Agent nor any of their officers, employees, or agents shall be required to obtain the approval of any third party, including (without limitation) any Governmental Unit or any Landlord, to conduct the Liquidation Sales and any related activities in accordance with the Agency Agreement.

8. In consideration for Agent's obligations in connection with the Liquidation Sales, the Foreign Representative shall be authorized to pay Agent pursuant to the terms set forth in section 5 of the Agency Agreement.

**C. Order Binding**

9. This Final Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets.

10. This Final Order and the terms and provisions of the Agency Agreement shall be binding on all of the Debtors' creditors (whether known or unknown), the Foreign Representative, the Debtors, the Agent, and their respective affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting an interest in the Assets, as well as the rights and interests granted pursuant to this Final Order and the Agency Agreement, shall continue in these or any superseding cases and shall be binding upon the Debtors, the Agent and their respective successors and permitted assigns.

**D. Conducting the Liquidation Sales**

11. Except as otherwise provided in the Agency Agreement, pursuant to section 363(f) and 1520(a)(2) of the Bankruptcy Code, the Agent shall be authorized to sell all the Assets to be sold pursuant to the Agency Agreement free and clear of any and all Encumbrances, including,

without limitation, the liens and security interests, as the same may have been amended from time to time, of BMO whether arising by agreement, any statute or otherwise and whether arising before, on or after the date on which these chapter 15 cases were commenced, with any presently existing liens (which, for the avoidance of doubt, does not include the Agent's liens granted under the Agency Agreement) encumbering all or any portion of the Assets or the proceeds thereof attaching only to any balance of the Gross Proceeds and Gross Collections (each as defined in the Agency Agreement) that remain after payment is made to Agent pursuant to the Agency Agreement, including but not limited to payments for the Agent's reimbursement of expenses in accordance with Section 6 of the Agency Agreement.

12. Other than filings made by BMO with respect to its liens and security interests in the Assets, if any person or entity, except for a governmental unit, that has filed financing statements, mortgages, construction or mechanic's liens, lis pendens or other documents or agreement evidencing liens on or interests in the Assets shall not have delivered to the Debtors, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of any Encumbrances which the person or entity has with respect to the Assets, each such person or entity is hereby directed to deliver all such statements, instruments and releases and the Debtors and the Agent are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity asserting the same and the Agent is authorized to file a copy of this Final Order which, upon filing, shall be conclusive evidence of the release and termination of such interest. Each and every federal, state and local governmental unit is hereby authorized to accept any and all documents and instruments necessary or appropriate to give effect to the Liquidation Sales and related transactions.

13. All newspapers and other advertising media in which the Liquidation Sales may be advertised and all Landlords or licensors, as applicable, of the Facilities are directed to accept

this Final Order as binding authority so as to authorize the Foreign Representative and the Agent to conduct the Liquidation Sales and the sale of Assets pursuant to the Agency Agreement, including, without limitation, to conduct and advertise the sale of the Assets in the manner contemplated by and in accordance with this Final Order and the Agency Agreement.

14. Nothing nullifies or enjoins the enforcement of any liability to a Governmental Unit under environmental laws or regulations (or any associated liabilities for penalties, damages, cost recovery, or injunctive relief) that any entity would be subject to as the owner, lessor, lessee, or operator of the property after the date of entry of this Final Order. Nothing contained in this Final Order or in the Agency Agreement shall in any way (i) diminish the obligation of any entity to comply with environmental laws, or (ii) diminish the obligations of the Foreign Representative to comply with environmental laws consistent with its rights and obligations under the Bankruptcy Code. Nothing herein shall be construed to be a determination that the Agent is an operator with respect to any environmental law or regulation. Moreover, the sale of the Assets shall not be exempt from, and the Foreign Representative and the Agent shall be required to comply with laws and regulations of general applicability, including, without limitation, public health and safety, criminal, tax, labor, employment, environmental, antitrust, fair competition, traffic and consumer protection laws, including consumer laws regulating deceptive practices and false advertising (collectively, "<u>General Laws</u>"). Nothing in this Final Order shall alter or affect the Foreign Representative's and Agent's obligations to comply with all applicable federal safety laws and regulations. Nothing in this Final Order shall be deemed to bar any Governmental Unit from enforcing General Laws in the applicable non-bankruptcy forum, subject to the Foreign Representative's or the Agent's right to assert in that forum or before this Court that any such laws are not in fact General Laws or that such enforcement is impermissible under the Bankruptcy Code, this Final Order, or otherwise, pursuant to paragraph 27 hereunder. Notwithstanding any other provision in this Final Order, no party waives any rights to argue

any position with respect to whether the conduct was in compliance with this Final Order and/or any applicable law, or that enforcement of such applicable law is preempted by the Bankruptcy Code. Nothing in this Final Order shall be deemed to have made any rulings on any such issues.

15. In accordance with and subject to the terms and conditions of the Agency Agreement, the Agent shall have the right to use the Facilities and all related store services, furniture, fixtures, equipment, and other assets of the Debtors for the purpose of conducting the Liquidation Sales, free and clear of any interference from any entity or person, subject to compliance with the Agency Agreement and this Final Order.

16. Subject to the Resolution Procedures provided in paragraph 27 hereof, the Foreign Representative and the Agent are hereby authorized to take such actions as may be necessary and appropriate to implement the Agency Agreement and to conduct the Liquidation Sales without the need for a further order of this Court.

17. Except as expressly provided in the Agency Agreement, the sale of the Assets shall be conducted by the Foreign Representative and the Agent notwithstanding any restrictive provision of any lease, sublease, license, reciprocal easement agreement, restrictive covenant, or other agreement relative to occupancy affecting or purporting to restrict the conduct of the Liquidation Sales, the rejection of leases or licenses, the necessity of obtaining any third party consents, abandonment of assets, or "going dark" provisions, and such provisions shall not be enforceable in conjunction with the Liquidation Sales.

18. Except as expressly provided for herein or in the Agency Agreement, and except with respect to any Governmental Unit (as to which paragraphs 14 and 27 of this Final Order shall apply), no person or entity, including, but not limited to, any landlord, licensor, service providers, utilities, and creditor, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder the continuation of the Liquidation Sales or the sale of Assets, or the advertising and promotion of such sales, and all such parties and persons of every nature and

description, including, but not limited to, any landlord, licensor, service providers, utilities, and creditor and all those acting for or on behalf of such parties, are prohibited and enjoined from (i) interfering in any way with, obstructing, or otherwise impeding, the conduct of the Liquidation Sales and/or (ii) instituting any action or proceeding in any court (other than in the Bankruptcy Court) or administrative body seeking an order or judgment against, among others, the Foreign Representative, the Debtors, the Agent, or the landlords or licensors, as applicable, at the Facilities that might in any way directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Liquidation Sales or sale of the Assets or other liquidation sales at the Facilities and/or seek to recover damages for breach(es) of covenants or provisions in any lease, sublease, license, or contract based upon any relief authorized herein.

19. All sales of any Assets shall be "as is" and final and all purchasers of the Assets will be notified accordingly. However, all state and federal laws relating to implied warranties for latent defects shall be complied with and are not superseded by the sale of said goods or the use of the terms "as is" or "final sales." Further, the Foreign Representative and/or the Agent shall accept return of any goods purchased during the Liquidation Sales that contain a defect which the lay consumer could not reasonably determine was defective by visual inspection prior to purchase for a full refund, provided that the consumer must return the merchandise within seven days of purchase, the consumer must provide a receipt, and the asserted defect must in fact be a "latent" defect.

20. Except as expressly provided for in the Agency Agreement, nothing in this Final Order or the Agency Agreement, and none of the Agent's actions taken in respect of the Liquidation Sales shall be deemed to constitute an assumption by Agent of any of the Foreign Representative's obligations relating to any of the Debtors' employees. Moreover, the Agent shall not become liable under any collective bargaining or employment agreement or be deemed a joint or successor employer with respect to such employees.

21. The Agent shall not be liable for sales taxes except as expressly provided in the Agency Agreement, and the Foreign Representative remains responsible for the payment of any and all sales taxes. The Foreign Representative is directed to remit all taxes accruing from the Liquidation Sales to the applicable Governmental Units as and when due, provided that in the case of a bona fide dispute, the Foreign Representative is only directed to pay such taxes upon the resolution of the dispute, if and to the extent that the dispute is decided in favor of the applicable Governmental Unit. For the avoidance of doubt, sales taxes collected and held in trust by the Foreign Representative shall not be used to pay any creditor or any other party, other than the applicable Governmental Unit for which the sales taxes are collected. This Final Order does not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under state law, and does not constitute a declaratory judgment with respect to any party's liability for taxes under state law.

22. To the extent that the Foreign Representative proposes to sell or abandon Assets that may contain any personal and/or confidential information about the Debtors' employees and/or customers (the "Confidential Information"), the Debtors shall remove all such the Confidential Information from such Assets before they are sold or abandoned.

23. The Foreign Representative and the Agent are authorized and empowered to transfer Assets among the Facilities. The Agent is authorized to sell, without incurring liability to any person or entity, the Assets in accordance with the terms of the Agency Agreement.

24. Nothing in this Final Order shall (a) alter or affect the Foreign Representative's obligations to comply with section 365(d)(3) of the Bankruptcy Code or (b) alter or modify the rights of any lessor or other counterparty to a lease with the Foreign Representative to file an appropriate motion or otherwise seek appropriate relief if the Foreign Representative fails to comply with section 365(d)(3) of the Bankruptcy Code; provided that the conduct of the Liquidation Sales in accordance with the Agency Agreement shall not be a violation of section 365(d)(3) of the Bankruptcy Code.

25. During the term of the Liquidation Sales, the Agent shall be granted a limited license and right to use the Debtors' customer lists, supplies, tax identification numbers, computer hardware and software, computer systems, central offices, trade names, logos, furniture, fixtures and equipment, security equipment, and other assets relating to and used in connection with the operation of the business as identified in the Agency Agreement in accordance with the terms of the Agency Agreement.

E. **Resolution Procedures for Disputes Regarding Liquidation Laws**

26. To the extent that the Liquidation Sales at the Facilities are conducted in accordance with this Final Order and the Agency Agreement, and are therefore conducted under the supervision of this Court, such Liquidation Sales are authorized notwithstanding any federal, state, or local statute, ordinance, rule, or licensing requirement directed at regulating "going out of business," "store closing," similar inventory liquidation sales, bulk sale laws, or fast pay laws, including laws restricting safe, professional and non-deceptive, customary advertising such as signs, banners, posting of signage, and use of sign-walkers in connection with the sale and including ordinances establishing license or permit requirements, waiting periods, time limits or bulk sale restrictions (collectively, the "Liquidation Laws").

27. Provided that the Liquidation Sales are conducted in accordance with the terms of this Final Order and the Agency Agreement, and in light of the provisions in the laws of many Governmental Units that exempt court-ordered sales from their provisions, the Debtors shall be presumed to be in compliance with any Liquidation Laws and, subject to paragraphs 16 and 19 herein, are authorized to conduct the Liquidation Sales in accordance with the terms of this Final Order and the Agency Agreement without the necessity of further showing compliance with any such Liquidation Laws. To the extent that between the Petition Date and the date of the Final Hearing there is a dispute arising from or relating to the Liquidation Sales, this Final Order or the Agency Agreement, which dispute relates to any Liquidation Sales Laws (a "Liquidation

Dispute"), the following procedures shall apply:

    a) The Court shall retain exclusive jurisdiction to resolve the Liquidation Dispute which such Liquidation Dispute will be heard at the Final Hearing, absent a party obtaining expedited relief. Nothing in this Final Order shall constitute a ruling with respect to any issues to be raised with respect to a Liquidation Dispute. Any Governmental Unit may assert a Liquidation Dispute and shall send a notice (the "Dispute Notice") explaining the nature of the dispute to: (i) proposed counsel to the Foreign Representative, Potter Anderson & Corroon LLP, 1313 N. Market St., Wilmington, DE 19801, Attn: R. Stephen McNeill, Esq. (rmcneill@potteranderson.com); (ii) counsel to the Bank of Montreal, Chapman and Cutler LLP, 111 West Monroe Street Chicago, IL 60603-4080, Attn: Stephen R. Tetro II, Esq. (stetro@chapman.com), and Womble, Bond & Dickinson LLP, 1313 N. Market St., Suite 1200 Wilmington, DE 19801, Attn: Matthew P. Ward, Esq. (matthew.ward@wbd-us.com); (iii) counsel to the Agent, Halperin Battaglia Benzija, LLP, 40 Wall Street, 37th Floor, New York, New York 10005, Attn: Christopher J. Battaglia, Esq. (cbattaglia@halperinlaw.net) and Julie Dyas Goldberg, Esq. (jgoldberg@halperinlaw.net) and (iv) counsel to any statutory committee, no later than fourteen (14) days following the service of the Interim Order.

    b) If the Foreign Representative, the Agent and the Governmental Unit are unable to resolve the Liquidation Dispute within fourteen (14) days of service of the notice, the aggrieved party may file a motion with this Court requesting that this Court resolve the Liquidation Dispute (a "Dispute Resolution Motion").

    c) Filing a Dispute Resolution Motion as set forth herein shall not be deemed to affect the finality of this Order or to limit or interfere with the Foreign Representative or the Agent's ability to conduct or to continue to conduct the Store Closing Sales pursuant to this Order and the Agency Agreement, absent further order of this Court.

28. Within two (2) business days of the entry of this Final Order, the Foreign Representative shall serve copies of this Final Order, by email, facsimile, or regular mail on the Applicable Governmental Units and the Landlords.

**F.  Miscellaneous**

29. Non-material modifications, amendments, or supplementations to the Agency Agreement and related documents by the parties may be made in accordance with the terms thereof without further order of this Court.

30. All amounts due to the Agent under the Agency Agreement shall be earmarked

and paid by the Debtors from proceeds of the Liquidation Sales and shall not be reduced or capped by the terms or conditions of any pre- or post-petition financing facilities or orders related thereto.

31. The Debtors are authorized to transfer the net proceeds from the sale of the Assets, after the payment of Agent's expenses and fees as required by Section 5.D. of the Agency Agreement, to a blocked account at Bank of Montreal or BMO Harris Bank N.A. that is subject to a lien of BMO (and subject to the rights of BMO) securing the obligations owed to the Secured Lenders.

32. The Agent shall not be liable for any claims against the Foreign Representative or the Debtors, and the Debtors shall not be liable for any claims against Agent, in each case, other than as expressly provided for in the Agency Agreement. The Agent shall have no successor liability whatsoever with respect to any Encumbrances or claims of any nature that may exist against the Debtors, including, without limitation, the Agent shall not be, or to be deemed to be: (i) a successor in interest or within the meaning of any law, including any revenue, successor liability, pension, labor, ERISA, bulk-transfer, products liability, tax or environmental law, rule or regulation, or any theory of successor or transferee liability, antitrust, environmental, product line, de facto merger or substantial continuity or similar theories; or (ii) a joint employer, co-employer or successor employer with the Debtors, and the Agent shall have no obligation to pay the Debtors' wages, bonuses, severance pay, vacation pay, WARN act claims (if any), benefits or any other payments to employees or former employees of the Debtors, including pursuant to any collective bargaining agreement, employee pension plan, or otherwise, except as expressly set forth in the Agency Agreement.

33. This Court shall retain jurisdiction with regard to all issues or disputes arising from or relating to the implementation, interpretation, or enforcement of this Final Order or the Agency Agreement, including, but not limited to, any claim or issue relating to any efforts by any party or person to prohibit, restrict or in any way limit the Liquidation Sales in accordance with the

Agency Agreement, including but not limited to any efforts to prohibit, restrict or limit banner and signwalker advertising, including with respect to any allegations that such advertising is not being conducted in a safe, professional and non-deceptive manner, or any other disputes related to the Liquidation Sales or the assertion of Encumbrances related to the Assets. No parties or person shall take any action against the Foreign Representative, the Debtors, the Agent, or the Liquidaiton Sales until this Court has resolved such dispute. This Court shall hear the request of such parties or persons with respect to any such disputes on an expedited basis, as may be appropriate under the circumstances.

34. Notwithstanding the relief granted herein and any actions taken hereunder, except with respect to the Agent, nothing contained herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

35. Nothing in this Final Order is intended to affect any rights of any Applicable Governmental Unit to enforce any law affecting the Debtors' conduct of the Liquidation Sales prior to the Petition Date.

36. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

37. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

Dated: January 22nd, 2020
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE